UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christopher Michael Bullard, ) | C/A No. 4:10-2665-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| Sgt. Terrence Forde; Sgt. David Merritts, Cpl. Marado ) | |
| Smalls; Sgt. Scott Jones; Ofc. Richard Allen; Sgt. Ernest ) | |
| Wilson; and Lt. Manigault, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.  PROCEDURAL BACKGROUND

The Plaintiff, Christopher Michael Bullard ("Plaintiff/Bullard"), filed this action under 42 U.S.C. § 1983[1] on October 15, 2010, alleging violations of his constitutional rights. Defendants filed a motion to dismiss for failure to prosecute on May 6, 2011, asserting Plaintiff failed to cooperate in discovery, failed to obey a discovery order, and for failure to prosecute under Federal Rules of Civil Procedure Rules 37 and 41. Because Plaintiff is proceeding _pro se_, the court issued an order on or about May 9, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Defendants' motion to dismiss and an explanation of a motion to dismiss. Plaintiff has failed to file a response.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

By way of background, Defendants filed a motion to compel discovery responses on March 7, 2011. The Court issued an order on March 29, 2011, ordering Plaintiff to "fully respond to the Defendants Interrogatories' and Request to Produce, produce requested documents to counsel and that the same must be postmarked no later than April 11, 2011." (Doc. #31). Further, the order informed the Plaintiff that if he did not respond to the discovery, he could be sanctioned up to and including dismissal of his case, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. (See doc. #31). Plaintiff has not responded and has failed to obey the court's order of March 29, 2011.

In Defendants' motion to dismiss, Defendants assert they served interrogatories and requests to produce on Plaintiff on January 19, 2011, which he failed to answer. Defendants filed a motion to compel discovery which was granted by the court on March 29, 2011, and Plaintiff was ordered to respond to the discovery requests. Plaintiff failed to respond. In the motion to dismiss, Defendants contend this is a 2010 case where no discovery has been completed due to Plaintiff's failure to respond in any manner. Therefore, Defendants assert that "[b]ased on the fact that the Plaintiff has never responded to discovery, to the motion to compel, or to the order granting the motion to compel in anyway, Defendants assert that it is unlikely that the parties will be able to engage in meaningful discovery, such to prepare this matter for trial." (Defendants' Motion, p. 3, doc.#36).

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990) and <u>Chandler Leasing Corp.</u>

v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)   the degree of Plaintiff's responsibility in failing to respond;

    (2)   the amount of prejudice to the Defendant;

    (3)   the history of the Plaintiff in proceeding in a dilatory manner; and,

    (4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion to dismiss, or the court's order requiring him to respond pursuant to the Roseboro Order. Further, Plaintiff failed to respond to Defendants' discovery requests or motion to compel, and failed to comply with the court's order of March 29, 2011, with regard to discovery. The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available. Accordingly, it is recommended that Defendants' motion to dismiss pursuant to Fed. R. Civ. Proc. 41(b) and Rule 37 be granted.

## II. CONCLUSION

As set out above, a review of the record indicates that Defendants' motion to dismiss should be granted and the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Defendants' motion to dismiss (doc. #36) be GRANTED and Plaintiff's complaint be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and for failure to comply with a court order pursuant to Rule 37 of the

Federal Rules of Civil Procedure, with prejudice.

                                                Respectfully submitted,

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
Florence, South Carolina                United States Magistrate Judge
June 20, 2011

    **The parties' attention is directed to the important information on the attached notice.**

4