# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Christopher Bullard, ) | Civil Action No. 4:10-2665-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sgt. Terrence Forde, Sgt. David Merritts, ) | |
| Cpl. Marado Smalls, Sgt. Scott Jones, ) | |
| Officer Richard Allen, Sgt. Ernest Wilson, ) | |
| *and Lt. Manigult, in their individual and* ) | |
| *official capacities*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff motion to vacate (Dkt. No. 46). The Court denies the motion.

On October, 15, 2010, Plaintiff filed a *pro se* civil action pursuant to 42 U.S.C. § 1983. On May 6, 2011, Defendants' filed a motion to dismiss Plaintiff's action for failure to cooperate in discovery and failure to prosecution. (Dkt. No. 36.) On June 20, 2011, a Report and Recommendation was issued recommending that Defendants' motion to dismiss be granted. (Dkt. No. 40.) The Court adopted the Report and Recommendation on July 11, 2011. (Dkt. No. 43.) On January 4, 2016, Plaintiff filed the present motion to vacate that judgment. Defendants oppose Plaintiff's motion. (Resp., Jan. 19, 2016, Dkt. No. 47.)

When it comes to *pro se* filings like those in the instant case, in order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pleadings liberally. *See, e.g., Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (citation omitted). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (affirming

-1-

district court's dismissal of a plaintiff's fragmentary complaint). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where ... there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir.2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Likewise, the handwritten *pro se* motion now before the Court must be liberally construed. As the Court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972), a *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 520–21.

As a threshold matter, the Court must determine the legal authority under which Plaintiff seeks to vacate judgment. Plaintiff's motion is filed 1683 days after entry of judgment. Rule 59(c) of the Federal Rules of Civil Procedure is unavailable after 28 days; subparts (a), (b), and (c) of Rule 60(b) are unavailable after one year. Fed. R. Civ. P. 60(b). The Court's subject-matter jurisdiction is beyond question in a § 1983 case. Rule 60(b)(5) is inapplicable where the final judgment was an order of dismissal. Thus, the Court must construe Plaintiff's motion under Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b)(6) authorizes a district court to grant relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Likewise, it can be invoked only for reasons that could not have been addressed on direct appeal. *Id.* at 501. And it can be invoke only if the motion for relief is supported by a

meritorious claim or defense, is filed within a reasonable time, and does not unfairly prejudice the opposing party. *Id.* at 500–01.

Plaintiff's principal contention is that he is mentally incompetent and therefore should have had a guardian ad litem appointed for him instead of having had his suit dismissed for want of prosecution. To be relevant to this motion, that alleged mental incapacity must have been present before this Court dismissed Plaintiff's claims. Why Plaintiff is able assert to request appointment of a guardian now, but not many years ago when this action was still pending before the Court, is inexplicable. Plaintiff does not claim that he has now recovered from a period of mental incapacity. Indeed, Plaintiff's original complaint was far more cogent that the current motion, which alleges that prison officials presently are killing inmates by the thousands and that prison officials "try to kill" anyone who tries "to help" Plaintiff. Plaintiff's present motion also complains of matters beyond the complaint allegations, *e.g.*, deductions from his inmate trust account. Construed as liberally as possible, it does not hint at any meritorious claim or any reason why it was reasonable to wait 4-½ years before filing.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to vacate the final judgment entered in this matter.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 2, 2016
Charleston, South Carolina